NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
EVERETT HOLLOWAY,              :
                               :
    Plaintiff,                 :
                               :
       v.                      :    Civil No. 07-2032 (AET)
                               :
KATHRYN MACFARLAND,            :    **MEMORANDUM & ORDER**
et al.,                        :
                               :
    Defendants.                :
_____:

THOMPSON, U.S.D.J.

    This matter is before the Court upon Defendants Kathryn MacFarland, William Fauver, Jack Terhune, Roy Hendricks, Donald Mee, Jr., Joann Anderson, Erin Earnest, Karen Balicki, SCO Narissa Goldsborough, Sergeant Claudy Augustin, and Lieutenant Stephen Miagpiong's (collectively, "Defendants"), Motion to Dismiss Plaintiff Everett Holloway's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(b)(1). The Court has decided this Motion after considering Defendants' unopposed submission and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' Motion is granted.

## BACKGROUND

    Plaintiff Holloway was an inmate housed within the New Jersey Department of Corrections ("DOC") system from approximately August 20, 1982 to August 9, 2007.[1] (Ex. A, Defs.' Mot. to Dismiss.) On May 1, 2007, the Court received Plaintiff's Complaint seeking

---

[1] Because Plaintiff's confinement status is available publicly on the DOC website, the Court takes judicial notice of the fact that Plaintiff was released from the custody of the DOC on August 9, 2007. Fed. R. Evid. 201(c).

declaratory and injunctive relief against Defendants in order to enforce a purported settlement agreement reached between Plaintiff and DOC officials in <u>Holloway v. Fauver</u>, 01-1831 (AET). The settlement agreement allegedly mandated prison accommodations for Plaintiff, who is blind. Although the Court notes that the parties differ over whether a settlement agreement was, in fact, reached, the determination of whether there was one in place is not germane to the disposition of this Motion.

Service of process was effected on Defendants on August 8, 2007 and August 17, 2007. On September 14, 2007, Defendants filed this Motion.

DISCUSSION

<u>A</u>.   <u>Standard of Review</u>

When evaluating a motion to dismiss for lack of subject matter jurisdiction, a court must accept a plaintiff's allegations as true, except to the extent that federal jurisdiction is dependent on certain facts. <u>Haydo v. Amerikohl Mining, Inc.</u>, 830 F.2d 494, 496 (3d Cir. 1987). In determining whether subject matter jurisdiction exists, the court's inquiry may extend beyond the pleadings. <u>Armstrong World Indus., Inc. v. Adams</u>, 961 F.2d 405, 410 n.10 (3d Cir. 1992).

Federal jurisdiction is limited by the requirement imposed by Article III, section 2, of the United States Constitution that an action must be an actual case or controversy. <u>Id.</u> at 410. In order to satisfy the actual case or controversy requirement, "an action must represent '(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution.'" <u>Id.</u> (quoting <u>Int'l Bhd. of Boilermakers v. Kelly</u>, 815 F.2d 912, 915 (3d Cir. 1987)).

B.  Analysis

The Court finds that Plaintiff's release from custody on August 9, 2007 renders his Complaint moot, because it seeks the enforcement of a settlement agreement meant to govern his accommodations in prison. As there no longer remains an actual case or controversy, and adjudication by the Court will not afford Plaintiff any meaningful relief, Defendants' Motion to Dismiss is granted.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of November, 2007,

ORDERED that Defendants' Motion to Dismiss Plaintiff Holloway's Complaint [12] is GRANTED; and it is further

ORDERED that this case is closed.

    s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.